**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SYCARR E. GREENLEY,

    Defendant - Appellant.

No. 20-3152
(D.C. No. 6:17-CR-10096-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EID** and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver in Sycarr E. Greenley's plea agreement. We grant defense counsel's motion to withdraw, grant the government's motion to enforce Mr. Greenley's appeal waiver, and dismiss the appeal.

In July 2017, a federal grand jury returned a five-count indictment against Mr. Greenley for possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1); possession of cocaine with intent to distribute, *id.*; possession of heroin with intent to distribute, *id.*; possession of a firearm in furtherance of a drug

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trafficking crime, 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).  Pursuant to a written plea agreement, Mr. Greenley pleaded guilty to being a felon in possession of a firearm, and the government agreed to not pursue additional charges and to recommend an offense-level reduction based on Mr. Greenley's acceptance of responsibility.  The parties also agreed to jointly recommend a sentence of 120 months' imprisonment to run concurrent to a sentence on a supervised release violation.  In January 2019, the district court sentenced Mr. Greenley within the Guidelines range to 120 months' imprisonment for the felon-in-possession charge and a concurrent sentence of 10 months' imprisonment for the supervised release violation.  The government then dismissed the remaining four counts of the indictment.

As part of his plea agreement, Mr. Greenley agreed to waive his right to appeal "any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein" unless the court imposed a sentence above what it determined was the applicable Guidelines range or the government appealed the sentence imposed.  R. Vol. 1 at 205.  Nevertheless, in August 2019, Mr. Greenley moved under 28 U.S.C. § 2255 to have his judgment "vacated and re-entered to allow him to appeal from the sentence and conviction," claiming his counsel was ineffective for not consulting with him about an appeal and not filing a timely notice of appeal.  R. Vol. 1 at 228.  In support, he submitted emails between his original appointed counsel, who represented him in preliminary plea negotiations and a suppression motion, and subsequent appointed counsel, who represented him through

2

the plea and sentencing, indicating that: (1) the government initially offered 15 years on a conditional plea preserving Mr. Greenley's right to appeal and 10 years on an unconditional plea; and (2) Mr. Greenley intended to reject the unconditional plea in favor of the conditional plea. The government responded that "the most prudent disposition" of the § 2255 motion would be to vacate and reinstate the judgment "so that [Mr. Greenley's] appellate rights may be restored, subject to the appeal-waiver in the plea agreement." *Id.* at 264. The district court granted Mr. Greenley's motion, concluding his second attorney either failed to comply with his directive to file an appeal or failed to properly consult with him about an appeal. The court therefore vacated and reinstated the judgment and appointed appellate counsel.

After Mr. Greenley filed a docketing statement indicating he intends to appeal the denial of his suppression motion and the application of offense-level increases at sentencing, the government filed a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Greenley's appellate counsel cited *Anders v. California*, 386 U.S. 738, 744 (1967), stated that Mr. Greenley has no nonfrivolous argument against enforcement of his appeal waiver, and moved to withdraw as counsel. We then gave Mr. Greenley an opportunity to file a pro se response to the motion to enforce, and he timely filed a response.

In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether

3

enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Having reviewed the proceedings in accordance with our obligation under *Anders*, *see* 386 U.S. at 744, we conclude that the *Hahn* factors have been met and that there is no non-frivolous argument to make against enforcing the appeal waiver.

As to the first *Hahn* factor, neither of the exceptions to the appeal waiver applies. Specifically, the district court imposed a sentence within the applicable Guidelines range, and the government did not appeal the sentence. Mr. Greenley's appeal falls squarely within the scope of the waiver.

As to the second *Hahn* factor, the written plea agreement and the colloquy at the change of plea hearing confirm that Mr. Greenley knowingly and voluntarily waived his appellate rights. He signed the plea agreement, which included a provision that the agreement was entered "freely, voluntarily, and knowingly," R. Vol. 1 at 207. At the change-of-plea hearing, the court specifically explained that his guilty plea would waive any argument regarding suppression of evidence, and Mr. Greenley indicated he understood. The court also reviewed the appeal waiver, and Mr. Greenley again indicated he understood. In accepting the plea, the court found that Mr. Greenley was competent to enter an informed plea, that he was aware of the consequences of the plea, and that the plea was knowing and voluntary. Accordingly, the second *Hahn* factor is satisfied.

Finally, as to the third *Hahn* factor, there is no basis on this record for concluding that enforcing the waiver would result in a miscarriage of justice. A miscarriage of justice occurs "[1] where the district court relied on an

4

impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks and citations omitted). To show that an appeal waiver is "otherwise unlawful," the defendant must prove that the alleged error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

In his pro se response, Mr. Greenley seeks to invoke the miscarriage-of-justice exception by claiming ineffective assistance of counsel. In particular, he relies on the district court's order granting his § 2255 motion and attempts to bootstrap that ruling into the current proceeding. But contrary to his contention, the district court did not find that his "attorney was ineffective in negotiating the plea waiver." Def.'s Resp. to Gov't's Mot. at 4. The court concluded only that his counsel failed either to consult with him about an appeal or to file an appeal as directed. Any such appeal still would have been subject to the appeal waiver, as the court did not invalidate the plea agreement or the waiver. That the court ultimately vacated and reinstated the judgment to allow Mr. Greenley to pursue an appeal does not mean he can now avoid the appeal waiver to which he knowingly and voluntarily agreed.

In any event, we ordinarily "only consider ineffective assistance of counsel claims on collateral review." *Hahn*, 359 F.3d at 1327 n.13. "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir.

5

2005). And Mr. Greenley's appeal waiver does not foreclose him from pursuing "subsequent claims with regards to ineffective assistance of counsel." R. Vol. 1 at 205.

Accordingly, we grant the government's motion to enforce Mr. Greenley's appeal waiver and dismiss this appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court
Per Curiam